**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JERRY JEFFERSON SEXTON, a/k/a Jim
Smith, a/k/a George Thompson,
            *Defendant-Appellant,*

and

WELLS CARGO 1995 VIN
#1WC200F26S3032435, 14 Foot,
Wells Cargo Utility Trailer, Model
Number TW-142, Serial Number
WC-117470, white in color,
together with its equipment,
accessories and contents; COLLEEN
SEXTON,

            *Defendants.*

No. 02-4079

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-98-1051-2-18)

Submitted: April 25, 2002

Decided: May 9, 2002

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

**COUNSEL**

Jerry Jefferson Sexton, Appellant Pro Se. Marvin Jennings Caughman, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Jerry Jefferson Sexton seeks to appeal the district court's order granting the Government's motion to release property civilly forfeited to the Government pursuant to a prior order entered by the court on March 16, 2000. We dismiss the appeal for lack of jurisdiction because Appellant's notice of appeal was not timely filed.

Parties are accorded sixty days after the entry of the district court's final judgment or order to note an appeal, *see* Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264 (1978) (quoting *United States v. Robinson*, 361 U.S. 220, 229 (1960)).

The district court's final order was entered on the docket on March 16, 2000. Appellant's notice of appeal was filed on January 10, 2002.* Because Appellant failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss

---

*For the purpose of this appeal we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. *See* Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).

the appeal. We deny Sexton's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*